[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12060

_____

D.C. Docket No. 01-00145-CR-WS

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JONATHAN LUKE CARRUTH,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 22, 2008)**

Before DUBINA and BARKETT, Circuit Judges, and SCHLESINGER[*], District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

Jonathan Luke Carruth appeals a final judgment in which the district court revoked his supervised release term and sentenced him to eighteen months in prison—the maximum sentence permitted by statute—without an additional supervised release term. Carruth argues that the district court plainly erred when it failed to offer him the right of allocution at his supervised release revocation hearing. We find that the district court plainly erred[1] by not personally addressing Carruth and by not giving him the opportunity to personally speak to the court, as required by Federal Rule of Criminal Procedure 32.1(b)(2)(E). Accordingly, we vacate Carruth's sentence and remand for a rehearing where Carruth is given the opportunity to allocute.

Initially, we reject the government's argument that the appeal waiver in Carruth's original plea agreement extends to his later revocation of supervised release. There was no specific language in the original plea waiver indicating that Carruth's willingness to waive his right to appeal from a sentence entered in accordance with the original plea was also a waiver of his right to appeal from his future supervised release revocation.

Allocution is the right of the defendant to make a final plea on his own

---

[1] For a plain error to have occurred, the error must be one that is obvious and is clear under current law. United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).

behalf to the sentencing judge before his sentence. United States v. Behrens, 375 U.S. 162, 165 (1963); United States v. Prouty, 303 F.3d 1249, 1251 (11th Cir. 2002). "[A]s early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal." Green v. United States, 365 U.S. 301, 304 (1961). In any probation or supervised release revocation hearing, a defendant must be afforded "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E).

Here, the question is whether Rule 32.1(b)(2)(E), like Rule 32(i)(4)(A)(ii),[2] requires a sentencing court to directly address the defendant and afford him or her the opportunity to personally address the court before imposing a sentence. We find that it does.

In United States v. Frazier, 283 F.3d 1242, 1245 (11th Cir. 2002), we found that Rule 32.1 did not incorporate the right of allocution in Rule 32 but urged the Advisory Committee to address this gap in the law because the right of allocution

_____

[2] Fed. R. Crim P. 32(i)(4)(A)(ii) applies to a defendant's original sentencing and provides that a sentencing court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." We have held that Rule 32 requires that the sentencing court address the defendant personally, and questions posed to defendant's counsel are insufficient in affording a defendant the opportunity to allocute. United States v. Phillips, 936 F.3d 1252, 1255 (11th Cir. 1991); Prouty, 303 F.3d at 1251; see also Black's Law Dictionary 83 (8th ed.) (Allocution is "[a] trial judge's formal address to a convicted defendant, asking him or her to speak in mitigation of the sentence to be imposed.").

3

is "both important and firmly embedded in our jurisprudence."[3] Rule 31.1(b)(2)(E) was subsequently amended to "address [this] gap in the rule" by "explicitly recogniz[ing] th[e] right [to allocution] at Rule 32.1(b)(2) revocation hearings." Fed. R. Crim. P. 32.1 advisory committee's notes on 2005 amendments.

Additionally, the Supreme Court has held that "judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." Green, 365 U.S. at 305. In Green, the Court was interpreting an earlier version of Rule 32 that tracks the current language of Rule 32.1. See United States v. Pitre, 504 F.3d 657, 661–62 (7th Cir. 2007); United States v. O'Hallaren, 505 F.3d 633, 635–36 (7th 2007); United States v. Griggs, 431 F.3d 1110, 1113 (8th Cir. 2005). Thus, the right to allocute under Rule 32.1 is clearly not substantively different from the right to allocute under Rule 32. It is clear under current law that, at a revocation hearing, permitting only a defendant's lawyer to speak does not suffice. The court must personally extend to the defendant the right

---

[3] In Frazier, as in this case, "[t]he record [was] clear that prior to sentencing the district court did not provide Frazier with an opportunity to personally address the court." 283 F.3d at 1244 (emphasis added).

4

of allocution.[4]

**VACATED and REMANDED.**

---

[4] Prejudice is presumed when a defendant is not given the opportunity to allocute and there exists the possibility of a lower sentence. Prouty, 303 F.3d at 1252–53 (noting that a defendant suffers "manifest injustice" if he does not receive the lowest possible sentence within the Guidelines range and the denial of the right of allocation is not the type of "abstract" or "isolated" error that we may determine does not affect the fairness, integrity, or public reputation of judicial proceedings); see also Olano, 507 U.S. at 732. Here, where Carruth did not receive the lowest sentence possible within the Guidelines range, the district court's error was prejudicial and affected Carruth's substantial rights.

5