[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13949
Non-Argument Calendar

_____

D. C. Docket No. 07-14012-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM DEANGELO STRACHAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 13, 2009)**

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

On September 21, 2007, appellant having pled guilty pursuant to a plea

agreement, the district court sentenced appellant to concurrent prison terms of 120 months for possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 3), and possession of an unregistered short barreled shotgun in violation of 26 U.S.C. § 5861(Count 5).  On June 12, 2008, appellant moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentences based on Amendments 706 and 713 to the Sentencing Guidelines, which reduced the offense level for most amounts of cocaine base by two levels.  These amendments had the effect of reducing appellant's offense level (Counts 1, 3, and 5 had been grouped together for sentencing purposes, with U.S.S.G. § 2D1.1(a)(3), which established the base offense level for the Count 1 offense, setting the offense level for all three counts).  The district court granted appellant's motion and reduced his concurrent sentences to 108 months, at the middle of the amended sentence range of 92 to 155 months' imprisonment.  He now appeals the district court's decision.  Citing the disparity between sentences for crack cocaine and powder cocaine, appellant argues that the district court abused its discretion by not resentencing him to the low end of the amended sentence range.

I.

As an initial matter, the Government argues that we should dismiss this appeal because this case is covered by the sentence appeal waiver in appellant's plea agreement. Whether a defendant effectively (knowingly and voluntarily) waived his right to appeal his sentence is a question of law that we review de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). For an appeal waiver to be enforced, "the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

We use an objective standard in interpreting plea agreements. United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004). We avoid "a 'hyper-technical reading of the written agreement' and 'a rigidly literal approach in the construction of language.'" Id. (quoting United States v. Jefferies, 908 F.2d 1520, 1523 (11th Cir. 1990)). Any ambiguities in a plea agreement are interpreted in favor of the defendant. Id. at 1105-1106.

We recently interpreted the scope of a sentence appeal waiver in United States v. Carruth, 528 F.3d 845 (11th Cir. 2008). Carruth had been sentenced to 18 months in prison upon revocation of his supervised release. Id. at 845. On appeal,

3

he argued that his new sentence was invalid because he had not been given an opportunity to allocute, as required by Fed. R. Crim. P. 32.1(b)(2)(E). Id. at 845-46. Although Carruth's original plea agreement contained a sentence appeal waiver, we held that it was not applicable because it did not include specific language stating that Carruth could not appeal the revocation of his supervised release. Id. at 846.

In this case, the record on appeal does not contain a transcript of the change of plea hearing, nor does it otherwise indicate that appellant clearly understood the consequences of his sentence appeal waiver. Therefore, the Government has not met its burden of proving that the waiver was knowing and voluntary. Also, the language of the waiver is unclear as to whether it covers the appeal of a new sentence imposed pursuant to § 3582(c)(2). Accordingly, we find that appellant's sentence appeal waiver does not require us to dismiss this case.

## II.

We review a district court's decision whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). Substantively, § 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." Amendment 706 to the Sentencing Guidelines reduced the base offense level for some amounts of cocaine base by two. See U.S.S.G. App. C, Amend. 706 (2007). Amendment 713 later made this change retroactive. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008). Amendment 715 provided that, in a case where a defendant was found responsible for both cocaine base and another substance, these substances should be converted into an equivalent amount of marihuana using an amended drug equivalency table. See U.S.S.G. App. C, Amend. 715 (Supp. May 1, 2008). The resulting base offense level is then reduced by two. Id.

Procedurally, a district court must follow a two-step process in ruling on a § 3582(c)(2) motion. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence range based on the relevant amendment to the Guidelines. Id. None of the other Guidelines applications made during the original sentencing are changed. Id. Second, the court must decide whether to retain the original sentence or to resentence the defendant under the amended guideline range. Id. at 781. The court should consider three factors in making this determination: (1) the sentencing factors listed in 18 U.S.C. § 3553(a); (2) public safety; and (3) the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 comment. (n. 1(b)).

Generally, a district court must specifically state its reasons for imposing a sentence at a particular point within the sentence range. United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006); 18 U.S.C. § 3553(c)(1). The court need not make detailed findings with respect to each § 3553(a) factor, but the record must make it clear that it considered them. United States v. Williams, No. 08-11361, at 5-7 (11th Cir. Feb. 9, 2009); United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). The court "must adequately explain the chosen sentence to allow for meaningful appellate review." Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

In this case, the district court properly calculated appellant's amended sentence range. In fashioning appellant's new sentence, however, the court did not discuss any of the § 3553(a) factors, or otherwise explain its decision to resentence appellant to the middle rather than the low end of his amended sentence range. Because the court did not make sufficient findings to support its decision, we vacate appellant's sentence and remand the case for further proceedings.

VACATED AND REMANDED.