[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13036
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-14012-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM DEANGELO STRACHEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2010)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

On September 4, 2007, after appellant had pled guilty to Counts 1, 3, and 5

of a five-count indictment, the district court sentenced appellant to concurrent prison terms of 120 months for possession with intent to distribute five grams or more of crack cocaine, Count 1, possession of a firearm by a felon, Count 2, and possession of an unregistered short barreled shotgun, Count 3.[1] On June 12, 2008, appellant moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his Count 1 sentence in accordance with retroactive Amendment 715 of the Sentencing Guidelines. He requested that his sentence be reduced to the bottom of his revised Guidelines sentence range of 92 to 155 months' imprisonment. The Government agreed that the motion should be granted, but urged the court to select a sentence in the middle of that range, i.e., 108 months' imprisonment. The court granted his motion and reduced the term of his Count 1 sentence to 108 months. The court also reduced appellant's sentences on Counts 3 and 5 to 108 months, to run concurrently with the Count 1 sentence.[2]

Appellant appealed the district court's decision. We vacated his new sentences and remanded the case for further proceedings because the court had not explained its reasons for imposing them. United States v. Strachan, No. 08-13949

---

[1] These offenses were alleged in Counts I, 3, and 5 of a five-count indictment. Appellant pled guilty to these counts pursuant to a plea agreement.

[2] The record does not indicate the statutory authority pursuant to which it reduced appellant's sentences on Counts 3 and 5. The Government appears to have consented to the reductions. Whether the court had the authority to reduce those sentences is not an issue in this appeal.

(11th Cir. March 13, 2009).  On remand, citing a statement Assistant Attorney

General Lanny A. Breuer had submitted to the Senate Judiciary Subcommittee on

Crime and Drugs—that the Department of Justice's position was that sentences for

crack cocaine and powder cocaine should be equivalent—appellant asked the

court, in resentencing him, to treat the Count 1 offense as if it had involved cocaine

powder instead of crack.  After holding a new sentencing hearing,  the court

reimposed the Count 1 sentence, and the Counts 3 and 5 sentences as well.

Appellant now appeals those sentences.

In his brief on appeal, appellant argues that the district court abused its

discretion in failing to grant him an additional sentence reduction on Count 1,

based on a retroactive amendment to the Sentencing Guidelines, and because of

"the intervening view of the Department of Justice that crack cocaine offenses

should be sentenced on par with powder cocaine offenses."  He contends that, if he

had been sentenced based upon 442 grams of powder cocaine, instead of 12.2

grams of crack cocaine and 429.8 grams of powder cocaine, his total offense level

would have been 21.  Thus, he would have had a Guidelines sentence range of 77

to 96 months' imprisonment, instead of 110 to 137 months.  He notes that the

district court could not re-sentence him below his amended sentence range, so he

says that he should have received a sentence of 92 months, which was the low end

of his amended sentence range.[3]  Finally, he complains that the court erred in failing to consider his post-sentencing rehabilitation.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  United States v. Jones, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009).  A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentence range which the Sentencing Commission has subsequently lowered.  18 U.S.C. § 3582(c)(2).  However, a § 3582(c)(2) motion to reduce sentence does not provide the basis for a de novo re-sentencing.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

"[A] district court must engage in a two-part analysis" when determining whether, and to what extent, to reduce a defendant's sentence under § 3582(c)(2).  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); U.S.S.G. § 1B1.10(b)(1).  The court must first determine the amended Guidelines sentence range and, secondly, it must consider the factors listed in § 3553(a).  Id. at 780-81; U.S.S.G. § 1B1.10(b)(1).  Section 1B1.10, comment. (n.1(B)(iii)) of the Guidelines provides, in pertinent part that, a "court may consider post-sentencing conduct of

_____

[3]  These arguments are not, and cannot be, addressed to the sentences on Counts 3 and 5 because Amendment 715 and the Department of Justice position regarding crack cocaine does not apply to the offenses alleged in those two counts. *See* note 2 *supra*.

4

the defendant that occurred after imposition of the original term of imprisonment in determining" the extent of the sentence reduction. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).

In this case, we vacated and remanded the district court's first sentence reduction, imposed after granting appellant's § 3582(c)(2) motion. We found that the district court properly calculated appellant's amended sentence range, but failed to discuss the § 3553(a) factors or its rationale for sentencing appellant to the middle of the amended sentence range. On remand, the district court explained that it had re-sentenced appellant to the middle of the amended sentence range because his original sentences had been in the middle of his original sentence range. The court also stated that it had considered the 18 U.S.C. § 3553(a) factors, in particular that appellant's "significant criminal history at a very young age," part of his history and characteristics, did not warrant a sentence at the bottom of the guideline range.

Appellant provides no evidence in support of his argument that the district court failed to consider his post-sentence rehabilitation. The record reveals that he submitted certificates from classes that he completed while imprisoned, and that he specifically informed the court about his rehabilitation during his re-sentencing proceedings. Thus, the court was aware of his rehabilitation argument, but

nonetheless, chose to impose the Count 1 sentence in the middle of the Guidelines sentence range because of appellant's "significant criminal history," and because he originally was sentenced at the middle of the Guidelines sentence range.  In addition, even if the court did not consider this rehabilitation, it was not required to do so.  *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)) (stating that the court *may* consider post-sentencing conduct).

 As for appellant's reliance on Assistant Attorney General Breuer's statement—that crack cocaine and powder cocaine offenses should be sentenced equally—we note that it is merely a policy opinion and as such statement is not controlling authority.  See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.

In conclusion, we find no error in the district court's resentencing decision on Count 1 (the count that was subject to appellant's § 3582(c)(2) motion).  Since the Government has acquiesced in the court's reduction of the sentences on Counts 3 and 5, which were not subject to reduction under § 3582(c)(2), we leave the court's resentencing decisions on those counts undisturbed.

SO ORDERED.