[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14674
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00034-CR-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

E. GOODMAN OBOT,
a.k.a. Etiowo Archibong Obot,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 15, 2010)

Before BARKETT, WILSON and FAY, Circuit Judges.

PER CURIAM:

E. Goodman Obot appeals the district court's revocation of his supervised

release and imposition of a sentence for four months of imprisonment and twelve months of supervised release, pursuant to 18 U.S.C. § 3583(e).[1] Obot argues that even though he did eventually allocute at sentencing, the district court pronounced and imposed his sentence before affording him that opportunity in violation of the Due Process clause and Federal Rule of Criminal Procedure 32.1(b)(2)(E). Specifically, Obot asserts that the district court erred for failure to personally invite him to speak. Upon review of the record and the parties' briefs, we affirm.

We review "questions involving the legality of a criminal sentence *de novo*." *United States v. Taylor*, 11 F.3d 149, 151 (11th Cir. 1994) (per curiam). We also review "*de novo* legal questions concerning the Federal Rules of Criminal Procedure." *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006) (per curiam).

"Allocution is the right of the defendant to make a final plea on his own behalf to the sentencing judge before his sentence." *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008) (per curiam) (citation omitted). "In any probation or supervised release revocation hearing, 'a defendant must be afforded an opportunity to make a statement and present any information in mitigation.'" *Id.* (citing Fed.R.Crim.P. 32.1(b)(2)(E)). Therefore, a district court's failure to afford

---

[1] The record shows that Obot was released on February 5, 2010.

to the defendant the right of allocution warrants reversal. *Id.* at 847; *United States v. Eads*, 480 F.2d 131, 133 (5th Cir. 1973) (per curiam) (holding that, in a revocation hearing, "sentences imposed upon those convictions are vacated and the cause remanded to the district court for resentencing after affording the appellant his right to allocute"); *see also United States v. Phillips*, 936 F.2d 1252, 1256 (11th Cir. 1991).

We hold that, consistent with the requirements of Rule 32.1(b)(2)(E), the district court did not abridge Obot's right to allocute. The transcript from the revocation hearing indicates that the district court specifically asked if Obot "wish[ed] to make a statement." Doc. 48 at 6. While the district court suggested that the recommended sentence was appropriate, the record shows that the district court did not impose the sentence until Obot had completed his allocution at length. Doc. 49 at 8, 9–13. Therefore, the district court did not prematurely announce Obot's sentence. Accordingly, we affirm.

**AFFIRMED**