[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13254
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:97-cr-00018-WLS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BRADSHAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 4, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

James Bradshaw appeals his 24-month sentence imposed upon revocation of

supervised release pursuant to 18 U.S.C. § 3583(e)(3). On appeal, Bradshaw argues

that: (1) the district court plainly erred when it failed to inquire whether Bradshaw had read and discussed his revocation report with counsel; and (2) his sentence was unreasonable. After careful review, we affirm.

When a party raises a sentencing challenge for the first time on appeal, we review only for plain error. United States v. Beckles, 565 F.3d 832, 842 (11th Cir.), cert. denied, 130 S.Ct. 272 (2009). When reviewing for plain error, we will reverse only if the defendant meets his burden of proving that: (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. Id. We review for reasonableness the ultimate sentence a district court imposes upon revocation of supervised release. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

First, we are unpersuaded by Bradshaw's claim that the district court plainly erred when it failed to inquire whether Bradshaw had read and discussed his revocation report with counsel. The rules governing revocations of supervised release are found in Fed.R.Crim.P. 32.1, and provide that a defendant in such proceedings is entitled to:

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;

(D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

(E) an opportunity to make a statement and present any information in mitigation.

Fed.R.Crim.P. 32.1(b)(2). Rule 32.1 is silent on whether the court must ensure that the defendant has read and discussed the revocation report with counsel. See Fed.R.Crim.P. 32.1. However, Rule 32, Sentencing and Judgment -- upon which Bradshaw relies -- provides that, at sentencing, the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed.R.Crim.P. 32(i)(1)(A).

Applying plain error review here -- since, as Bradshaw concedes, he did not object in the district court to this claim -- we conclude that the court did not violate Fed.R.Crim.P. 32(i)(1)(A) when it failed sua sponte to ask whether Bradshaw had read and discussed the revocation report with counsel. As an initial matter, in United States v. Frazier, we held that Rule 32.1 did not incorporate additional provisions from Rule 32, including the right to allocute. 283 F.3d 1242, 1244 (11th Cir. 2002), opinion vacated and appeal dismissed, 324 F.3d 1224 (11th Cir. 2003) (granting defendant's motion to dismiss appeal in light of sentence completion). In United

3

States v. Caruth, we recognized that "Rule 32.1(b)(2)(E) was subsequently amended to address this gap in the rule by explicitly recognizing the right to allocution at Rule 32.1(b)(2) revocation hearings." 528 F.3d 845, 846 (11th Cir. 2008) (quotations and brackets omitted). Thus, we recognized that Rule 32 provisions can be incorporated into Rule 32.1 via amendments to the text of Rule 32.1. See id. Nevertheless, there has been no amendment to Rule 32.1 that requires the court to ask whether the defendant had read and discussed the revocation report with counsel, and as a result, the district court did not plainly err in failing sua sponte to inquire with Bradshaw.

But even if the court had erred in failing to inquire, it was not plain error because Bradshaw has not shown that it affected his substantial rights. To show an error affected his substantial rights, Bradshaw must demonstrate that, but for the error, there was a reasonable probability of a different result at sentencing. See United States v. Underwood, 446 F.3d 1340, 1343-44 (11th Cir. 2006). Although the court sentenced Bradshaw above the guideline range, the court acknowledged that the sentence was outside the range, and Bradshaw has not shown that an inquiry into whether he read the revocation report would have resulted in a different sentence.

We also reject Bradshaw's argument that his sentence was unreasonable because the court focused too much on his previous supervised release violations, failed to weigh the nature and circumstances of the offense and Bradshaw's history

4

and characteristics, failed to take into account his substance abuse problems, ignored the fact that drug addiction is a factor routinely warranting consideration as a basis for a downward variance at sentencing, and failed to consider that a more lenient sentence would have adequately protected society. In reviewing sentences for reasonableness, we perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties'

---

[1] Under 18 U.S.C.A. § 3583(e), a district court may consider the following § 3553(a) factors in revoking a term of supervised release: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the Sentencing Guidelines range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4)-(a)(7).

arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356. (2007)

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. The weighing of § 3553(a) factors is within the court's discretion, so long as the court has made no clear error of judgment. See United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (reviewing government appeal of downward variance), petition for cert. filed, (U.S. Nov. 24, 2010) (No. 10-727). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Here, Bradshaw's sentence was not procedurally nor substantively unreasonable because, as the record shows, the district court properly weighed the applicable 18 U.S.C. § 3553(a) factors, took into account Bradshaw's history, characteristics -- including the fact that Bradshaw was gainfully employed, in the process of purchasing his own home, and involved in his son's life -- and substance

abuse problems, and applied the sentence, in part, to protect society from the commission of further crimes by Bradshaw. As for Bradshaw's claim that the court focused too much on his prior violation of supervised release, the record shows, as just described, that the court clearly considered the history and characteristics of Bradshaw beyond his previous supervised release violation. The court also noted that Bradshaw had been subject to more serious charges in the past, and was fortunate to only face a supervised release revocation in this case. Additionally, the court expressly stated that the sentence complied with the § 3553(a) factors and adequately addressed the totality of the circumstances.

As for Bradshaw's argument that the court ignored the fact that drug addiction is a factor routinely warranting consideration as a basis for a downward variance at sentencing, Bradshaw fails to cite any binding caselaw in support of this argument. Furthermore, the court did consider Bradshaw's drug addiction in relation to his sentence when it stated that a return to prison may break Bradshaw's access to drugs and give him an opportunity to receive substance abuse assistance from the Bureau of Prisons.

**AFFIRMED.**