[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14603
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00032-MEF-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMELINDO RODRIGUEZ-GALICIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 7, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Hermelindo Rodriguez-Galicia ("Rodriguez") appeals his 24-month

sentence, imposed at the statutory maximum, after pleading guilty to 1 count of

re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a). Rodriguez appeals his sentence based on the district court's failure to permit him an opportunity to allocute during the sentencing hearing. Rodriguez also contends that his sentence is procedurally unreasonable because the court made incorrect guideline calculations, relied on clearly erroneous facts, failed to consider all the 18 U.S.C. § 3553(a) factors, and failed to adequately explain the sentence. He further contends that the sentence is substantively unreasonable because the court relied on incorrect facts, did not consider other facts, and created sentence disparities.

"[A] district court's failure to afford a defendant the right of allocution will be reviewed only for plain error where the defendant did not timely object." *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). "We will correct plain error only when (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

Before imposing a sentence, the district court must: (1) "provide the defendant's attorney an opportunity to speak on the defendant's behalf;" (2) "address the defendant personally in order to permit the defendant to speak or

2

present any information to mitigate the sentence;" and (3) "provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney." Fed.R.Crim.P. 32(i)(4)(A). The Supreme Court has rejected the contention that affording defense counsel the opportunity to speak fulfills the requirements of this rule. *Green v. United States*, 365 U.S. 301, 304, 81 S. Ct. 653, 655 (1961). The Court held that the district court should "unambiguously address [itself] to the defendant," and that it "should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* at 305, 81 S.Ct. at 655; *see also United States v. Carruth*, 528 F.3d 845, 846 n.2 (11th Cir. 2008) ("[Q]uestions posed to defendant's counsel are insufficient in affording a defendant the opportunity to allocute."); *Gordon v. United States*, 518 F.3d 1291, 1299 (11th Cir. 2008) (holding, in a habeas case, that Rule 32 "is not satisfied when the court does not address the defendant personally concerning the defendant's desire to allocute but instead addresses defendant's counsel only").

A district court's failure to offer the opportunity for allocation is a plain or obvious error. *Prouty,* 303 F.3d at 1252. "[T]he right of allocation is the type of important safeguard that helps assure the fairness, and hence legitimacy, of the sentencing process." *Id.* at 1253 (quotation omitted). Failing to offer allocation, when it might affect the sentence, is manifestly unjust. *Id.* When a defendant does

3

not have an opportunity to allocute and does "not receive the lowest possible sentence within the applicable guideline range," the district court commits reversible error." *Id.*

Because the district court did not personally address Rodriguez with an opportunity to allocute and because Rodriguez did not receive the lowest possible sentence with the guideline range, the district court committed plain error.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we vacate and remand the sentence.[1]

**VACATED AND REMANDED.**

---

[1] Based on our disposition of this allocution issue, we decline to address Rodriguez's additional arguments concerning the reasonableness of his sentence.