[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-12911
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-00143-ODE-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDNECDIA (TINA) JOHNSON,
a.k.a. Tina Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 28, 2012)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

After revoking her term of supervised release, the district court sentenced

Ednecdia Johnson to 24 months' imprisonment, which was above the advisory range

suggested by the Sentencing Guidelines. Ms. Johnson appeals that sentence, arguing that it is unreasonable and that the district court, by failing to hear her arguments in mitigation, violated her due process rights. We affirm.

I.

Ms. Johnson, who at the revocation hearing chose not to contest the alleged violations, does not take issue with the revocation of supervised release itself. Instead, she contends that her sentence is unreasonable because it is above the 4-to-10-month guidelines range. She argues that the district court failed to consider both the guidelines range and the 18 U.S.C. § 3553(a) factors, did not give appropriate weight to her mitigation evidence, and never identified the criminal classifications for her violation.

We have explained that where "a defendant [has] violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering" the § 3553(a) factors. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). Once the district court has made its sentencing decision, we review it "only for abuse of discretion, and we use a two-step process." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). We "first ensure that the district court committed no significant procedural error," such as failing to consider the guidelines range or the § 3553(a) factors. *Gall v. United States*,

2

552 U.S. 38, 49, 51 (2007). But because the guidelines are, and have always been, advisory "for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered" the sentencing range they establish. *Campbell*, 473 F.3d at 1349 (citations and quotation marks omitted). Once we are satisfied that a sentence is procedurally sound, we then weigh its "substantive reasonableness," taking into account the "totality of the circumstances." *Gall*, 552 U.S. at 51.

Ms. Johnson's sentence, despite being 14 months above the top end of the advisory guidelines, is reasonable. Although Ms. Johnson argues that the district court failed to consider the guidelines range, the record does not support such a conclusion. The district court certainly knew the suggested range, at one point even prompting Ms. Johnson's counsel to correct himself when he misstated it as 4 to 6 months. The court simply found the range inadequate, as Ms. Johnson had committed "new, serious criminal conduct" that was "basically the same" as the criminal conduct underlying her original conviction. As a result, the court found that "a sentence of 24 months is really minimal in terms of deterring future . . . misconduct." Put simply, the court decided "to give a sentence that's above the advisory guideline" because it most "adequately reflect[ed] the seriousness of the offense" and was most "appropriate in light of [Ms. Johnson]'s characteristics of continuing fraudulent

3

conduct." There is nothing unreasonable about that decision.

The district court's explanation of the sentence makes clear that, in addition to knowing and considering the guidelines range, it knew and considered the § 3553(a) factors. The court used language taken directly from § 3553(a) in its explanation, and, before giving that explanation, the court indicated that it would recite the § 3553(a) factors despite not knowing whether it was "required to state [them] at a revocation hearing or not." Similarly, the record shows that the district court knew the criminal classification of Ms. Johnson's violations: Ms. Johnson's counsel brought them to the court's attention several times, and those classifications formed the basis for the applicable advisory guidelines range, which the court knew and considered despite deciding to vary above it.

Ms. Johnson's final procedural concern—that the district court failed to give appropriate weight to her mitigation evidence—also fails. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). There is no question that the district court heard Ms. Johnson's potentially mitigating evidence regarding her continuing education, hard work and achievements at her legitimate job, minimal criminal history, and mostly compliant conduct during supervised release. When sentencing Ms. Johnson, the court was within its authority

4

to give less weight to these characteristics than it gave to the new criminal conduct and "breach of trust" that led to her supervised release being revoked. The district court did not abuse its discretion in doing so. Nor, as Ms. Johnson suggests, did the court err in referring to only the § 3553(a) factors that supported the 24-month sentence. "[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Ms. Johnson's sentence is procedurally reasonable.

The sentence is also substantively reasonable. First, although the sentence is 14 months above the maximum suggested by the guidelines, it is 12 months below the statutory maximum. *See* 18 U.S.C. § 3583(e)(3) (authorizing a prison term of up to 3 years for class B felonies). The court could have varied upward even more but—consistent with the §3553(a) directive to "impose a sentence sufficient, but not greater than necessary"—decided to give Ms. Johnson the lowest sentence it found would "deter[] future . . . misconduct." Second, Ms. Johnson did not contest that, in violation of the terms of her supervised release, she misled her probation officer about her address, her contact with a felon, and the status of her monthly restitution payments. Ms. Johnson also did not contest that she moved without informing her probation officer, failed to pay restitution, and committed new criminal conduct. At

5

the hearing, the district court learned that Ms. Johnson's new criminal conduct included being in possession of seven fraudulent driver's licenses bearing her picture but other people's names and license numbers. It also included suspicious monetary transactions very much like those leading to her original conviction. Based on what it heard, the court found that Ms. Johnson had gotten involved with "a serious type of criminal affair." Weighing that damaging evidence along with the favorable information Ms. Johnson presented, the court decided that an above-guidelines sentence was most appropriate. We conclude, given the totality of the circumstances, that the 24-month sentence was reasonable.

## II.

Ms. Johnson also argues that the district court violated her due process rights by interrupting her counsel during his mitigation arguments and by failing to consider those arguments. We disagree. It is of course true that "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements," *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994), among them "an opportunity to make a statement and present any information in mitigation," *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008) (quotation marks omitted). But the record reveals that the district court gave both Ms. Johnson and her counsel ample time to present their case. When the court addressed Ms. Johnson's counsel—who in

6

the name of mitigation was attempting to disprove the truth of the alleged supervised release violations—it was merely trying to clarify whether Ms. Johnson had changed her mind about contesting violations that she had earlier agreed not to contest. Questioning counsel to clear up confusion is not a due-process violation. Furthermore, the court's comments demonstrate that it heard and considered the mitigation arguments. It just found them unpersuasive. This was not error.

## III.

Ms. Johnson's 24-month sentence is affirmed.

**AFFIRMED.**