[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15602
_____

D. C. Docket No. 8:12-cr-00169-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RAMIREZ-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before MARTIN and ANDERSON, Circuit Judges, and FULLER,* District Judge.

_____

*Honorable Mark E. Fuller, United States District Judge for the Middle District of
Alabama sitting by designation.

PER CURIAM:

The petition for rehearing is DENIED, and no judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Fed.R.App.P.), the petition for rehearing en banc is DENIED.

We reject Ramirez-Flores' argument that United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), published two days before the publication of this decision, indicates that the South Carolina statute at issue in this case is indivisible under Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013).  The Howard court addressed the issue pursuant to a preserved Descamps challenge, and held that the Alabama statute at issue there was indivisible under the de novo standard of review.  742 F.3d at 1340–41, 1349.  By contrast, Ramirez-Flores did not preserve a Descamps challenge, and this panel held that it was not "plain or obvious that the [South Carolina] statute is indivisible."  United States v. Ramirez-Flores, 743 F.3d 816, 823 (11th Cir. 2014).  Rather, we held that one reasonable interpretation of the South Carolina statute was to criminalize "entry without consent and with criminal intent into either a structure in which someone sleeps or a shed or other structure appurtenant thereto and within 200 yards thereof."  Id. at 822.  Our holding is entirely consistent with Howard's key to determining divisibility.  742 F.3d at 1348 ("The key to determining divisibility, according to Descamps, is whether the 'statute sets out one or more elements of the offense in the alternative – for

2

example, stating that burglary involves entry into a building <u>or</u> an automobile'" (quoting <u>Descamps</u>, 133 S. Ct. at 2281)).

Our holding is also entirely consistent with the application of the divisibility analysis in <u>Howard</u>, because the language of the statutes in the two cases is very different. In <u>Howard</u>, the statute's language clearly created a non-exhaustive list of illustrative examples of structures which could form the basis of a burglary conviction. <u>See</u> <u>id.</u> at 1348–49. By contrast, the statute we considered in Ramirez-Flores' appeal created an exhaustive list of such structures. <u>See</u> S.C. Code §§ 16-11-10, 16-11-310(2), 16-11-312(A). As a result, <u>Howard</u> does not provide a reason to treat the statute under which Ramirez-Flores was convicted as indivisible under the plain error standard of review. <u>See</u> <u>United States v. Carruth</u>, 528 F.3d 845, 846 n.1 (11th Cir. 2008) ("For a plain error to have occurred, the error must be one that is obvious or clear under current law.").