[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10184
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20710-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARCY PILOTO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Darcy Piloto appeals his 120-month sentence, representing a 79-month upward variance, for possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The sentence was imposed after his original 235-month sentence was vacated pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).  On appeal, Piloto argues that the district court plainly erred by failing to allow him an allocution before imposing his sentence.  Further, Piloto argues that his sentence is substantively unreasonable because the district court relied too much on his criminal history to the exclusion of the other 18 U.S.C. § 3553(a) factors and his efforts at post-sentencing rehabilitation.  After careful review, we affirm.

## I.

Piloto argues that the district court plainly erred by failing to allow him an allocution before imposing his sentence.  "Allocution is the right of the defendant to make a final plea on his own behalf to the sentencing judge before his sentence." *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008) (per curiam).  Under Fed. R. Crim. P. 32(i)(4)(A)(ii), the court must, "before imposing [a] sentence," "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."  We review for plain error a district court's failure to allow allocution, if the defendant did not timely object. *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).  To find reversible

error under this standard, we must conclude that "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *Id.* at 1251–52. To affect substantial rights, the plain error must be "prejudicial: It must . . . affect[] the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993).

During the sentencing hearing, the district court announced the sentence before allowing Piloto an opportunity for allocution. Because neither Piloto nor his attorney objected to the post-sentence allocution, the plain error standard of review applies. Piloto is correct that the sentencing court erred in announcing his sentence before an opportunity for allocution and that the error was plain. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). However, Piloto fails to demonstrate that the plain error affected his substantial rights. The sentencing court afforded Piloto an opportunity to allocute before the end of the sentencing hearing and, while considering Piloto's allocution, left open the possibility of changing the announced sentence. Also, in response to the allocution—during which Piloto stated that the court should consider his rehabilitation efforts—the district court explicitly stated that it accepted Piloto's representation of his rehabilitative efforts as true and considered them but that the efforts were not sufficient to change the sentence imposed. Piloto's argument that the district court plainly erred fails.

3

## II.

Piloto argues that his sentence is substantively unreasonable because the district court relied too much on his criminal history to the exclusion of the other 18 U.S.C. § 3553(a) factors and his efforts at post-sentencing rehabilitation.  The district court must impose a sentence "sufficient[] but not greater than necessary to comply with the purposes" of § 3553(a)(2).  18 U.S.C. § 3553(a).  Also, the district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party," *United States v. Pugh*, 515 F.3d 1179, 1189–90 (11th Cir. 2008).  We review the substantive reasonableness of a sentence for abuse of discretion, regardless of whether the sentence imposed is within the range recommended by the Sentencing Guidelines.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  During review, we must "take into account the totality of the circumstances, including the extent of any variance," and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Id.*

In imposing Piloto's sentence, the district court explicitly considered all of the § 3553(a) factors.  Although the district court emphasized Piloto's criminal history during sentencing, "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history."  *United States v. Rosales-Bruno*,

4

789 F.3d 1249, 1263 (11th Cir. 2015).  Also, the district court explicitly stated that it had considered Piloto's rehabilitative efforts but declined to grant a downward variance.  Although a sentencing court may consider evidence of a defendant's post-sentencing rehabilitation, which could support a downward variance, the court is not required reduce a sentence based on a showing of post-sentencing rehabilitation.  *See Pepper v. United States*, 562 U.S. 476, 481, 490, 505 n.17 (2011).  In light of all the circumstances, we determine that the ultimate sentence is reasonable.

**AFFIRMED.**