[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11676
Non-Argument Calendar

_____

D.C. Docket No. 8:02-cr-00229-JSM-AAS-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LEE SUSTAYTA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 19, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Christopher Sustayta appeals his 30-month sentence imposed after the district court revoked his supervised release. He argues that the district court erred by failing to give him an opportunity to allocute[1] prior to imposing his sentence and to fully elicit objections after it imposed his sentence. The government agrees. After careful review, we vacate Sustayta's sentence and remand for resentencing.

## I.    BACKGROUND

After pleading guilty to a narcotics charge, Sustayta was sentenced to a term of imprisonment followed by five years of supervised release. He later was charged with multiple violations of the conditions of his supervised release. Sustayta admitted that he had committed three drug-related violations, but denied two firearm-related violations. After hearing evidence and brief argument from the attorneys, the district court revoked Sustayta's supervised release, finding him guilty of all of the violations. The district court then immediately sentenced Sustayta to 30 months' imprisonment, which was at the bottom of his applicable range under the Sentencing Guidelines.

After pronouncing the sentence, the district court turned to Sustayta, asking him: "Mr. Sustayta, would you like to say anything about the sentencing?" Doc.

---

[1] "Allocution is the right of the defendant to make a final plea on his own behalf to the sentencer before the imposition of sentence." *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).

296 at 54.[2]  In response, Sustayta asserted his innocence as to the firearm charges. The district court thanked him and then explained to Sustayta his appellate rights. At no point during the hearing did Sustayta's counsel object to Sustayta's lack of an opportunity to allocute.  This is his appeal.[3]

## II.    STANDARD OF REVIEW

We review "a district court's failure to afford a defendant the right of allocution . . . only for plain error where the defendant did not timely object." *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).

## III.    ANALYSIS

On appeal, Sustayta argues that the district court erred by pronouncing his sentence without first giving him the opportunity to allocute.[4]  The government agrees, as do we.

Under Federal Rule of Criminal Procedure 32, Sustayta had a right to speak or present mitigating information before the district court imposed his sentence, not just during the sentencing proceeding.  Fed. R. Crim. P. 32(i)(4)(a)(ii); *see also United States v. Carruth*, 528 F.3d 845, 846-47 (11th Cir. 2008) (explaining that

---

[2] Unless otherwise specified, all citations in the form "Doc." refer to the district court docket entries.

[3] Sustayta also filed an unopposed motion for an expedited decision.  That motion is GRANTED.

[4] Sustayta argues that because the district court failed to fully elicit objections after pronouncing the sentence, this Court should apply *de novo* review.  *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).  Because we conclude that Sustayta's sentence must be vacated even applying plain error review, however, we do not address this argument.

the right of allocution extended to revocation of supervised release hearings). Because Sustayta's attorney failed to object to the district court's denial of Sustayta's right to speak before imposition of the sentence, we review the denial of this right for plain error. *United States v. Doyle*, 857 F.3d 1115, 1118 (11th Cir. 2017). "We will reverse a district court's decision under the plain error rule only if there is (1) error, (2) that is plain, and (3) that affects substantial rights, and if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

As to the first two requirements, the district court's failure to offer Sustayta an opportunity to allocute prior to imposing the sentence was error, and it was plain. *See Prouty*, 303 F.3d at 1252 ("Because [Federal Rule of Criminal Procedure 32] specifically requires the district court to offer the defendant the opportunity to allocute, the court's failure to do so was a 'clear' or 'obvious' error."); *Doyle*, 857 F.3d at 1118 (same).

As to the third requirement, the district court's error affected Sustayta's substantial rights. We recently explained that because the Sentencing Guidelines are now advisory, a defendant is "entitled to a presumption that he was prejudiced by the district court's failure to afford him his right of allocution, . . . even if he received a sentence at the low end of his advisory guidelines range." *Doyle*, 857 F.3d at 1121. This satisfies the plain error rule's third requirement. *Id.* Finally,

4

because the allocution error affected Sustayta's substantial rights, the fourth requirement is also met. *See id.* at 1118 ("We have held that if the allocution error affects the defendant's substantial rights, which is the third requirement, the fourth one—that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings—is also met." (internal quotation marks omitted)). Thus, the district court committed plain error in denying Sustayta the opportunity to allocute before his sentence was pronounced.

## IV.   CONCLUSION

For the foregoing reasons, we vacate Sustayta's sentence and remand to the district court for resentencing.

**VACATED AND REMANDED FOR RESENTENCING.**