[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11355

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEROME HARRIS, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:05-cr-00023-TFM-C-1

————————————————

Before WILSON, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Jerome Harris appeals his 18-month sentence, which the district court imposed upon revoking his supervised release. Harris argues that the district court plainly erred by violating his right to allocution when it refused his request to make a statement before imposing his sentence. In response, the government agrees that the district court plainly erred in failing to personally address Harris before pronouncing the sentence, and, thus, that the case should be remanding for resentencing. After careful review, we vacate and remand for resentencing.

We review the legality of a criminal sentence *de novo*. *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). However, where a defendant does not object to a district court's denial of their right of allocution, we review only for plain error. *United States v. Doyle*, 857 F.3d 1115, 1118 (11th Cir. 2017). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

The right of allocution is "the right of the defendant to personally make a final plea on his own behalf to the sentencer before the imposition of sentence." *Doyle*, 857 F.3d at 1118 (quotations

24-11355                    Opinion of the Court                    3

omitted).  Under Fed. R. Crim. P. 32.1(b)(2)(E), this right extends to revocation of supervised release hearings.  *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008).  Where a district court denies a defendant his right to allocution before imposing a sentence, and the possibility of a lower sentence exists, it commits plain error. *Doyle*, 857 F.3d at 1118, 1120–21; *Carruth*, 528 F.3d at 846–47.

Here, we review Harris's claim for plain error because Harris did not raise an allocution objection at his revocation hearing, and, we conclude that the district court plainly erred in this instance.  *Doyle*, 857 F.3d at 1118.  At the revocation hearing, the district court did not personally address Harris or allow him to make a statement prior to imposing his sentence, despite Harris's request to speak.  Instead, the court found that Harris violated the conditions of his supervised release, and -- without asking him whether he wished to address the court -- began to pronounce his sentence. At this point, this exchange occurred:

> THE COURT: [. . .] Pursuant to the Sentencing Reform Act of 1984 . . . I'm committing you to the custody of the Bureau of Prisons for a term of 18 months.
>
> THE DEFENDANT: Can I say something before you finish?
>
> THE COURT: No. I'm going to finish pronouncing [your] sentence, and then you can.
>
> THE DEFENDANT: All right.

The district court also imposed a 12-month term of supervised release to follow Harris's 18-month term of imprisonment.

The district court's refusal to allow Harris to speak amounted to an allocution error, and that error was plain under our binding precedent. Fed. R. Crim. P. 32.1(b)(2)(E); *Doyle*, 857 F.3d at 1118; *Carruth*, 528 F.3d at 846. The error also affected Harris's substantial rights because the court imposed a sentence that was not a statutory, mandatory minimum, meaning the possibility of a lesser sentence existed. *Doyle*, 857 F.3d at 1120–21; *Carruth*, 528 F.3d at 847 n.4. Moreover, in situations like this one, we've said that the district court's allocution error also satisfies the fourth prong of the plain error test as well "because denial of the right to allocute affects the fairness, integrity, and public reputation of judicial proceedings." *United States v. Perez*, 661 F.3d 568, 586 (11th Cir. 2011); *accord Doyle*, 857 F.3d at 1118; *Carruth*, 528 F.3d at 846–47. Therefore, under our binding case law, the district court plainly erred when it denied Harris the opportunity to make a statement before it sentenced him. Accordingly, we vacate his sentence and remand for a new hearing at which he is given the opportunity to allocute.

**VACATED AND REMANDED.**