NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2012
Decided May 10, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2929

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 11-10019-001 |
| | |
| AARON MARTINEZ, | James E. Shadid, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Aaron Martinez, a Mexican national, was discovered in the United States after having been removed following an arrest for cocaine possession. He pleaded guilty without a plea agreement to illegal reentry, *see* 8 U.S.C. § 1326(a), (b), and was sentenced to 77 months' imprisonment—the low end of his guidelines range. Martinez filed a notice of appeal, but his attorney can identify no nonfrivolous argument to pursue on appeal and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Martinez opposes counsel's motion, *see* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Martinez's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Martinez does not seek to withdraw his guilty plea and therefore properly refrains from addressing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel does consider whether any nonfrivolous issues could be raised regarding Martinez's sentence. But as counsel recognizes, any challenge to the district court's guidelines calculations would be frivolous because the court adopted the guidelines calculations set forth in the presentence report—calculations to which Martinez did not object either before or at his sentencing. *See United States v. Isom*, 635 F.3d 904, 908 (7th Cir. 2011); *United States v. Thornton*, 463 F.3d 693, 700–01 (7th Cir. 2006); *United States v. Salinas*, 365 F.3d 582, 587–88 (7th Cir. 2004); *see also* FED. R. CRIM. P. 32(i)(3)(A).

Counsel is also correct that it would be frivolous for Martinez to argue that the district court erred by rejecting his arguments in mitigation. Counsel first considers whether the court reasonably rejected Martinez's argument that he should receive a lower sentence to achieve parity with illegal-reentry defendants in districts in which a "fast-track" program is available. As counsel notes, however, Martinez did not demonstrate that he would have qualified for fast-track sentencing in districts that have it, so the court need not have considered his argument at all, much less afforded it any particular weight. *See United States v. Ramirez*, Nos. 09–3932, 10–2190, 10–2689, 2011 WL 6450620, *5 (7th Cir. 2011); *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1062 (7th Cir. 2011); *United States. v. Reyes-Hernandez*, 624 F.3d 405, 420 (7th Cir. 2010). Counsel also considers challenging the district court's decision not to grant a downward departure for his "cultural assimilation." *See* U.S.S.G. § 2L1.2. Although "departures" are obsolete now that the guidelines are advisory, sentencing judges may consider the departure guidelines when evaluating the 18 U.S.C. § 3553(a) factors. *See United States v. Lucas*, 670 F.3d 784, 791 (7th Cir. 2012). But while Martinez has lived in the United States since childhood, *see* U.S.S.G. § 2L1.2 app. n.8(A), it would be frivolous for him to argue that the district court erred in declining to impose a below-guidelines sentence in light of his four adult criminal convictions and the guidelines' instruction that courts also account for any risk to the public. *See* U.S.S.G. § 2L1.2 app. n.8(C); *United States v. Lua-Guizar*, 656 F.3d 563, 567 (7th Cir. 2011).

Finally, counsel observes that it would be frivolous for Martinez to argue that his sentence was unreasonable given the presumption of reasonableness that attaches to within-guidelines sentences. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court also properly considered the factors under 18 U.S.C. § 3553(a), acknowledging Martinez's arguments in mitigation but expressing concern that he would likely return to the United States and commit further crimes upon completing his sentence and being removed to Mexico. *See* 18 U.S.C. § 3553(a)(2)(C).

Martinez proposes raising arguments of his own, including that the absence of a fast-track program in his district has deprived him of a sentencing reduction in violation of equal protection. This argument would be frivolous, however, because the fast-track disparity does not involve a suspect class or fundamental right; rather, the discretion afforded to the Attorney General to implement fast-track programs in some districts is rationally related to the government's legitimate interest in judicial economy. *See United States v. Lopez*, 650 F.3d 952, 961 (3d Cir. 2011); *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 (5th Cir. 2008); *United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006).

Martinez also proposes challenging the district court's imposition of a 16-level increase in his offense level due to his prior conviction and two-year sentence for manufacture or delivery of cannabis. *See* U.S.S.G. § 2L1.2(b)(1)(A). He suggests that the guideline calls for an offense-level increase that is disproportionate to his cannabis offense and that such a steep increase should apply only to "serious drug offenses." This argument would be frivolous, however, because Martinez's cannabis conviction constituted a felony drug trafficking offense for which he was sentenced to more than 13 months' imprisonment—the only requirements for application of this guideline.

Finally, Martinez asserts that the district court judge harbored bias toward illegal immigrants, as revealed in his remarks that the United States was "warehousing" undocumented aliens awaiting removal. But although Martinez may find this comment indelicate, in context it is clear that the judge was discussing the inefficiency of imprisoning illegal reentrants prior to removal as a factor that weighed in favor of a *shorter* sentence.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.