12–1438-cr
United States v. Lopez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand thirteen.

PRESENT:   RALPH K. WINTER
                      GUIDO CALABRESI,
                      GERARD E. LYNCH,
                                          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                      *Appellee*,

                      v.                                                         No. 12-1438-cr

JAIRO ANTONIO MOLINA LOPEZ,
also known as Jairo Molina,

                                          *Defendant - Appellant*.

_____

FOR APPELLEE:              P. IAN MCGINLEY, Assistant United States Attorney
                                      (Andrew L. Fish, Assistant United States Attorney, *on
                                      the brief*), *for* Preet Bharara, United States Attorney for
                                      the Southern District of New York, New York, New
                                      York.

FOR APPELLANT:           TONI MESSINA, New York, New York.

Appeal from the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Jairo Antonio Molina Lopez appeals from a judgment of conviction entered on April 5, 2012, in the United States District for the Southern District of New York following his guilty plea to illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The district court imposed a below-guidelines sentence of 40 months' imprisonment. On appeal, Molina Lopez argues that differences among districts in the administration of "fast-track" programs and the use of an illegal re-entrant's prior felony convictions to compute both his criminal history category and his offense level ("double-counting") violate his equal protection and due process rights, and that his sentence is substantively unreasonable. We assume the parties' familiarity with the facts, the procedural history of the case, and the specification of issues on appeal, to which we refer only as necessary to explain our decision.

First, Molina Lopez argues that the United States Attorney's categorical exclusion of certain defendants from participation in the fast-track program[1] creates a sentencing

---

[1] Fast-track programs allow defendants charged with illegal reentry under 8 U.S.C. § 1326 to plead guilty and waive certain rights, including the rights to file pretrial motions and to appeal or collaterally attack their sentences, in exchange for a lower sentence. See United States v. Mejia, 461 F.3d 158, 160-61 (2d Cir. 2006); see also U.S.S.G. § 5K3.1 (authorizing court to depart downward "not more than 4 levels" pursuant to a fast-track program). Although fast-track programs originated in southwestern border states, the Department of Justice now authorizes the implementation of fast-track programs in all

disparity that violates the equal protection guarantee of the Fifth Amendment's Due Process Clause. See U.S. Const. amend. V; Bolling v. Sharpe, 347 U.S. 497, 500 (1954).[2] Because Molina Lopez did not raise this argument to the district court, we review for plain error. See United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010). To meet this burden, Molina Lopez must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id. Although this Court has not yet addressed the precise question raised by Molina Lopez, our sister circuits who have addressed it have concluded that limiting the availability of the fast-track program does not violate equal protection.[3]

---

districts prosecuting felony reentry cases. See Office of Deputy Att'y Gen, Dep't Policy on Early Disposition or "Fast-Track" Programs, Jan. 31, 2012, *available at* http://www.justice.gov/dag/fast-track-program.pdf. Under this authorization, however, "[t]he United States Attorney retains the discretion to limit or deny a defendant's participation in a fast-track program," based on factors such as the defendant's prior violent felony convictions, and prior deportations. Id. The Southern District of New York implemented its fast-track program on March 5, 2012. The United States Attorney has exercised his discretion to exclude from the program defendants who have been convicted of a serious violent felony or serious drug defense, defendants with seven or more criminal history points, and defendants whose prior criminal history involves certain immigration offenses. Molina Lopez is ineligible for the fast-track program because he has seven or more criminal history points.

[2] To the extent that Molina Lopez argues that the program violates his substantive due process rights, our analysis is the same. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991) ("[A]n argument based on equal protection essentially duplicates an argument based on due process.").

[3] See United States v. Martinez, 482 Fed. Appx. 160, 162 (7th Cir. 2012) (unpublished); United States v. Lopez, 650 F.3d 952, 963 (3rd Cir. 2011); United States v. Lopez-Velasquez, 526 F.3d 804, 808 (5th Cir. 2008); United States v. Gaytan, 226 Fed. Appx. 519, 522 (6th Cir. 2007) (unpublished); United States v. Andujar-Arias, 507 F.3d 734, 749 (1st Cir. 2007), abrogated on other grounds by United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008); United States v. Campos-Diaz, 472 F.3d 1278, 1279-80 (11th Cir. 2006); United States v. Marcial-Santiago, 447 F.3d 715, 719 (9th Cir. 2006).

"Whether an error is plain is determined by reference to the law as of the time of appeal." United States v. Gamez, 577 F.3d 394, 400 (2d Cir. 2009) (internal quotation marks omitted). "Typically, we will not find plain error where the operative legal question is unsettled." Id. Molina Lopez fails to identify any precedent supporting his argument; moreover, if, as we have held, a reduced sentence is not required by the disparity created when some districts have fast-track programs and others have none at all, see, e.g., United States v. Hendry, 522 F.3d 239, 241 (2d Cir. 2008); Mejia, 461 F.3d at 163, the more limited disparities in the administration of such programs can hardly be problematic. Under these circumstances, Molina Lopez cannot establish plain error.

Second, also for the first time on appeal, Molina Lopez contends that U.S.S.G. § 2L1.2, which imposes a 16-level enhancement if the defendant was removed after "a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months" or for "a crime of violence[,]" U.S.S.G. § 2L1.2(b)(1)(A)(i)-(ii), denies him equal protection and due process to the extent that the prior conviction also increases his criminal history category. We have repeatedly rejected such "double-counting" objections to illegal reentry sentences, see, e.g., United States v. Pereira, 465 F.3d 515, 522 (2d Cir. 2006); United States v. Carrasco, 313 F.3d 750, 757 n.2 (2d Cir. 2002); United States v. Torres-Echavarria, 129 F.3d 692, 698-99 (2d Cir. 1997), and other circuits have expressly rejected the specific constitutional arguments made by Molina Lopez, see, e.g., United States v. Ruiz-Chairez, 493 F.3d 1089, 1091-92 (9th Cir. 2007); United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992). We thus find no error, let alone plain error, in his sentence.

4

Finally, Molina Lopez contends that his sentence was substantively unreasonable because his criminal history category overstated the severity of his past crimes, and because the sentence he received was unduly harsh compared to the seven-month sentence his wife received for the same offense. We are not persuaded.

"Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). The weight to be given to sentencing disparities, "like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge." United States v. Florez, 447 F.3d 145, 158 (2d Cir. 2006) (internal quotation marks omitted). Only in exceptional cases, "where the trial court's decision cannot be located within the range of permissible decisions," Cavera, 550 F.3d at 189 (internal quotation marks omitted), will we set aside a district court's substantive determination. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks and citation omitted). "It is therefore difficult to find that a below-Guidelines sentence is unreasonable." Id.

Applying the foregoing principles, we conclude that Molina Lopez's sentence, which was 17 months below the bottom of the applicable guideline range, was reasonable. The district court carefully considered Molina Lopez's criminal history and the need to avoid unwarranted sentencing disparities. Moreover, the difference between Molina Lopez's sentence and his wife's is reasonable given that she was in Criminal History Category I, based on a single prior conviction, while Molina Lopez, had nine prior criminal convictions, and was in Criminal History Category IV. The district court's sentence, therefore, was well within the range of permissible decisions.

We have considered all of Molina Lopez's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court