In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3324

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JUAN GUAJARDO-MARTINEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:09-CR-00179-1—**Robert M. Dow, Jr.**, *Judge.*

ARGUED FEBRUARY 10, 2011—DECIDED APRIL 4, 2011

Before MANION, EVANS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Juan Guajardo-Martinez, a 34-year-old Mexican national, pled guilty to illegal reentry of a removed alien subsequent to a conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Guajardo was given a below-guidelines sentence and has appealed. We rejected defense counsel's request to withdraw as appointed counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and

ordered briefing as to the district court's consideration of the defendant's prior arrests that led to neither a conviction nor a finding by the district court that the alleged unlawful conduct was proven by a preponderance of the evidence. Guajardo also argues on appeal that the district court erred in not granting a lower sentence based on the fact that the Northern District of Illinois does not have a "fast-track" program, because the judge's decision was premised on the appellant's criminal record, including the prior arrests not leading to conviction. While the district court erred in considering two of the defendant's three arrests not leading to conviction, we find that there was no prejudice to defendant and no plain error. We affirm the district court's judgment.

*Facts*

Guajardo apparently first entered the United States with his mother on a tourist visa in August 1995, when he was 18 years old, to visit an older sister who was living in Illinois. He overstayed his visa, found work, and eventually married. In 2000, he was arrested and convicted in state court of possession with intent to deliver more than 5,000 grams of cannabis. He was sentenced to four years in prison. He was released on parole in 2002 and was deported to Mexico. Sometime later in 2002, Guajardo illegally returned to the United States. He found employment as a carpenter and a foreman. He and his wife had a child and later divorced.

In February 2009, Guajardo was arrested for driving under the influence of alcohol. After it was discovered

that he was living unlawfully in the United States, he was taken into custody by Immigration and Customs Enforcement agents. On May 27, 2009, Guajardo pled guilty to illegal reentry.

The Presentence Investigation Report calculated Guajardo's Sentencing Guidelines range as 46 to 57 months. The range was based on a total offense level of 21, including a 16-level enhancement because of the drug trafficking offense in 2000, and a criminal history category of III based on a total of 6 criminal history points.

The presentence report also documented numerous other arrests, minor convictions, and warrants for Guajardo's arrest. The adult criminal convictions were for operating an uninsured motor vehicle (in 1997 and 1998) and for driving without a license (in 1997, 1998, and 1999). In addition, the presentence report listed three arrests for driving under the influence of alcohol (in 1999, 2000, and 2009) not leading to conviction, which are the subject of this appeal, and two pending charges for domestic battery incidents (both in 2001). The defendant made no objections at sentencing with respect to the calculation of the guidelines nor to any of the factual findings in the presentence report. The district court sentenced Guajardo to a below-guidelines sentence of 40 months in prison.

*Analysis*

Appellant Guajardo argues on appeal that the district judge erred both in relying on prior arrests not leading to

conviction and in basing his decision not to consider the absence of a "fast track" program in the Northern District of Illinois on the appellant's criminal record, including the prior arrests.

Because the appellant did not raise these objections during the sentencing hearing, we review the decisions for plain error. *United States v. Longstreet*, 567 F.3d 911, 928 (7th Cir. 2009) (citations omitted). To establish plain error, the defendant must show: "(1) an error; (2) that is plain; (3) that affected his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Montgomery*, 390 F.3d 1013, 1017 (7th Cir. 2004). We find no plain error.

## I.  *Arrests Not Leading to Conviction*

A district judge has wide discretion to consider a defendant's background at sentencing. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). There is a constitutional limit, however. The Due Process Clause of the Fifth Amendment requires that information used for sentencing be accurate. *United States v. Tucker*, 404 U.S. 443, 447 (1972); see also *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (Fourteenth Amendment); *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984) (Fourteenth

Amendment). The judge may consider information only if it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005), quoting *United States v. Robinson*, 164 F.3d 1068, 1070 (7th Cir. 1999).

These principles lay a well-known constitutional trap in federal sentencing. A presentence report is required to report both prior convictions and prior arrests.[1] Although the presentence report must provide this information about arrests not leading to conviction, a judge's consideration of these arrests can present a due process

---

[1] The monograph instructing probation officers how to prepare a presentence report says that arrests alone are not sufficient evidence of criminal conduct, but may prompt further inquiries that can lead to a listing of "Other Criminal Conduct" if there is "reliable and persuasive information that the defendant committed a crime." Probation and Pretrial Services Monograph 107, Presentence Investigation Report § 335.60. The monograph further instructs the officer to provide details on pending criminal charges, § 335.70, and it says regarding other arrests:

> Report all other arrests of the defendant, unless the arrest was based on mistaken identity. Report the date of arrest, charge(s), agency, and disposition. This informs the court about the defendant's contact with law enforcement authorities. Because no reliable information establishes that the defendant committed a criminal act, such information may not be considered for a departure and is separated from Other Criminal Conduct.

*Id.*, § 335.80.

problem if the arrests do not reflect reliable information of wrongdoing. *Hankton*, 432 F.3d at 790 ("defendant has the due process right to be sentenced on the basis of accurate information"). A sentencing court may not rely on the prior arrest record itself in deciding on a sentence or in imposing an upward departure. U.S.S.G. § 4A1.3(a)(3). But the court may still consider the underlying conduct detailed in arrest records where there is a sufficient factual basis for the court to conclude that the conduct actually occurred. See *United States v. Torres*, 977 F.2d 321, 330 n.4 (7th Cir. 1992) (citation omitted) ("while arrest record alone will not justify a departure, detailed police investigation reports may supply reliable information of prior similar adult criminal conduct"); *United States v. Terry*, 930 F.2d 542, 546 (7th Cir. 1991) (finding that court may consider factual circumstances of prior arrests where presentence report contained description of underlying conduct and defendant did not object to the presentence report's account of the facts); see also *United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010) ("When a court relies on information contained in a presentence report, the defendant bears the burden of showing that the presentence report is inaccurate or unreliable.") (citations and quotations omitted).

While we find that the district court erred in considering two out of three of Guajardo's arrests, for which there was inadequate information in the presentence report, we conclude that there was no plain error. Guajardo has not shown that he was prejudiced by the district judge's consideration of the arrests. We base

this conclusion on the below-guidelines sentence, the district judge's consideration of Guajardo's criminal record as a whole, and the weight the district court clearly gave to his more serious drug trafficking conviction.

The presentence report for Guajardo listed three arrests—in 1999, 2000, and 2009—for driving under the influence of alcohol. None of those arrests led to a conviction. The third case was still pending when the probation officer prepared the presentence report. The government concedes that the district judge erred in considering and referring to the first two arrests. The presentence report listed no details about those first two arrests, and there was no basis on which the judge should have considered them, which the judge would have recognized if the issue had been raised.

As to the third arrest, we agree with the government that the district judge was justified in considering the factual circumstances of the arrest. Those circumstances were detailed in the presentence report and were not disputed by the defendant. See *United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010), citing Fed. R. Crim. P. 32 (i)(3)(A) ("At sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact."). The presentence report summarized the police arrest report for the third arrest, stating that Guajardo was pulled over by the police because he was driving in and out of the northern curbside lane. Guajardo provided the police officer with false identification in the form of a driver's license with a fake name and the wrong birthdate. He admitted that he had been

drinking, and he was arrested for driving under the influence. The report documented that he "emanated a strong odor of alcohol and his eyes were bloodshot and watery and his eyelids were droopy." This report gave the court sufficient grounds for finding the defendant was actually driving under the influence, if the issue had been raised. The district judge was justified in using the uncontested facts of this arrest as reported in the presentence report in his consideration of Guajardo's sentence. There was also no error, for example, in the judge's conclusion that the defendant's record included "some suggestion of . . . irresponsible alcohol consumption and driving."

As to the first two arrests, under plain error review, after finding that there was a "clear or obvious" error, *United States v. Shearer*, 379 F.3d 453, 456 (7th Cir. 2004), we will not reverse unless we find that the error "affected the defendant's substantial rights," *United States v. Trennell*, 290 F.3d 881, 887 (7th Cir. 2002). We will then reverse the decision only if the defendant also shows that the error "seriously [affected] the fairness, integrity, or public reputation of the judicial proceedings." See *Montgomery*, 390 F.3d at 1017. A review of the district judge's discussion of the defendant's sentence demonstrates that any error in considering the defendant's arrests was not prejudicial and thus was not plain error. The judge did not consider those two arrests as independent bases for the sentence. His references to the first two arrests were always in the context of a broader discussion of the defendant's criminal record, which included a serious drug trafficking conviction and the circum-

stances of the third driving-under-the-influence arrest that the district judge was justified in considering:

> And I considered the low end of the Guideline range, and I think that the 40 months is necessary because of the prior criminal history. I think if this were a drug use conviction instead of drug trafficking, if there weren't the DUI convictions[2] and the false identification, if there were various things like that [ ] absent from the record and all of those things were absent from the record, I might have been able to see my way clear to a more radical departure.

The district judge made it sufficiently clear that even if the defendant had only one driving-under-the-influence arrest, he would not have further reduced the sentence in light of the drug trafficking conviction, which he mentioned first, emphasized, and clearly thought was the most important part of the defendant's criminal record:

> He doesn't have the kind of lengthy criminal record that I sometimes see here, I don't see any evidence of gang involvement here, but what we do have is a prior conviction that was very serious. It's not a drug use offense, it's a drug trafficking offense, and it carried a 4-year prison term.

It was only after this discussion of the drug trafficking conviction that the judge referred to the defendant's

---

[2] After being corrected, the judge explained convincingly that he had mistakenly said "convictions" and knew these were just arrests, not convictions.

arrests: "So the slate is not entirely clean, and on top of that we have a PSR that references several DUI arrests, including one that is still pending . . . and . . . some other things in the background that are not as pristine as you would hope for someone who is looking for a break from the Sentencing Guidelines." The judge also said to the defendant: "For my purposes what matters is that if you had no DUI arrests and . . . if your prior criminal conviction had been for something like drug use instead of drug trafficking, I might have been able to see clearer to do . . . a greater departure."

The appellant argues that this line of reasoning, placing so much emphasis on the fact that the drug conviction was for trafficking rather than use, is illogical because if the conviction had been for drug possession rather than trafficking, then a lower offense level would have applied and Guajardo would have faced a much lower guideline range in the first place. The argument is not convincing. The district judge's statements at sentencing simply and clearly show that the court gave significant weight to the drug trafficking conviction in deciding on the sentence. The written Statement of Reasons confirms this was the case: "[I]n light of the Defendant's prior criminal history, including most significantly his prior conviction for a drug trafficking crime, and the need to avoid unwarranted sentencing disparities . . . , the Court was not persuaded to go any further below the guide-line range."

As in similar cases where sentencing courts have considered prior arrests without objection, we find no plain

error. The court did not rely solely on the arrests, and it is clear that even without the arrests, the judge would not have imposed a lower sentence. See, *e.g.*, *United States v. Walker*, 98 F.3d 944, 948 (7th Cir. 1996) (finding no "reasonable likelihood that the judge would have given the defendant a lighter sentence had he ignored all the arrests that did not result in conviction"). The appellant argues that *Walker* is distinguishable because the defendant there had a lengthier and more serious criminal record than Guajardo, and the arrests in that case thus "fade into marginal significance." We do not believe *Walker* is distinguishable on that basis. While Guajardo had a significantly shorter criminal record than the defendant in *Walker*, the district judge in this case placed much more weight on the drug trafficking conviction. The first two arrests were in fact marginal in comparison.

If Guajardo had raised objections to reliance on the arrests at the time of sentencing, the judge could have easily made a finding that there was a preponderance of evidence to support reliance on the third arrest, and the government could have either supported or disavowed reliance on the first two arrests. The problem would have easily been corrected at the time. We see no reason to remand on this issue now because Guajardo has not shown that it was prejudicial or affected his substantial rights. There was no plain error.

## II. *Fast-Track Disparity*

The district court was a little ahead of its time on the fast-track disparity issue, anticipating our reversal of course

on the issue. In *United States v. Reyes-Hernandez*, 624 F.3d 405 (7th Cir. 2010), decided after Guajardo's sentencing, we held that sentencing courts may consider the disparity in the applicable Sentencing Guidelines ranges between illegal reentry defendants in districts with a fast-track program and districts without a fast-track program. See U.S.S.G. § 5K3.1. That decision over-ruled *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006), where we had held that a sentence that treated a district's lack of a fast-track program as a mitigating factor was not reasonable. While the fast-track disparity now may be considered, a sentencing court is not required to treat it as a mitigating factor. *Reyes-Hernandez*, 624 F.3d at 421. The district judge concluded that he was allowed to consider the fast-track disparity, but he declined to impose a lower sentence on that basis in this case because the defendant had not complied with the requirements of the program—"there are various concessions that have to be made in order to get Fast Track that haven't been made in this case"—and because of the defendant's prior criminal record. The judge was justified in coming to that conclusion.

The appellant argues that the district judge's decision not to consider the fast-track argument rested improperly on his criminal record, including his arrests, and was thus based on plain error. We disagree. The judge made no error with respect to consideration of the fast-track disparity issue. While the judge noted that, "if the defendant had a prior record that was less spotty, this might be a factor that might be more in play than it is

here," the judge did not specifically mention the prior arrests in his discussion of the fast-track issue. It is clear that the district judge would have considered the defendant's criminal record "spotty" even without the first two arrests, given the earlier conviction for drug trafficking and the circumstances surrounding the third driving-under-the-influence arrest. We are confident that the district judge would have made the same decision even if he had not improperly considered, without objection, two of the defendant's arrests not leading to convictions.

The judgment of the district court is AFFIRMED.