NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011
Decided December 8, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1591

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | Nos. 09 CR 1051 & 02 CR 231 |
| FREDDIE BELTRAN-FIGUEROA, *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

## O R D E R

Freddie Beltran-Figueroa, a Mexican citizen who was removed from the United States in 2006 after being convicted in 2003 for distributing cocaine, 21 U.S.C. § 841(a)(1), pleaded guilty to illegal reentry, 8 U.S.C. § 1326(a), and admitted to violating the terms of his supervised release for the drug conviction. The district court imposed a within-guidelines sentence of 57 months' imprisonment for illegal reentry and 12 months' reimprisonment for the supervised-release violation, to run concurrently. The court also revoked Beltran-Figueroa's term of supervised release. Beltran-Figueroa appeals, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Beltran-Figueroa opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate

brief and Beltran-Figueroa's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

As a preliminary matter, we have jurisdiction to review issues arising from both the illegal-reentry conviction and the revocation of supervised release despite Beltran-Figueroa's failure in his notice of appeal to mention the revocation or include the docket number for that proceeding. The notice of appeal is technically deficient because it does not designate the revocation or resulting reimprisonment as within the scope of this appeal, *see* FED. R. APP. P. 3(c)(1)(B), but our jurisdiction is secure because the revocation was based on, and conducted simultaneously with, the new prosecution, and thus it can be fairly inferred that a notice of appeal mentioning one matter would also encompass the other. *See United States v. Taylor*, 628 F.3d 420, 423–24 (7th Cir. 2010).

Beltran-Figueroa neither wants his guilty plea for the illegal reentry set aside nor wishes to contest the revocation of his supervised release for the 2003 drug conviction, so counsel properly refrains from discussing the adequacy of the plea colloquy, the voluntariness of the plea, or the basis for the revocation. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel assesses only whether Beltran-Figueroa could challenge the procedural or substantive reasonableness of his prison term for illegal reentry, but rightly concludes that such a challenge would be frivolous. The district court correctly calculated the guidelines range, treated the range as advisory, evaluated Beltran-Figueroa's arguments in mitigation and the factors in 18 U.S.C. § 3553(a), and imposed a within-guidelines sentence for that offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009).

In his Rule 51(b) response, Beltran-Figueroa proposes to argue that the district court erred in applying the 16-level upward adjustment to his base offense level under U.S.S.G. § 2L1.2(b)(1)(A). He maintains that that adjustment applies only to convictions for "crimes of violence" and points out that his 2003 conviction for cocaine distribution was not a conviction for a crime of violence. But Beltran-Figueroa misapprehends the scope of that guideline, which applies to defendants who were previously removed from the United States after a conviction for a felony that is either a crime of violence, *id.* § 2L1.2(b)(1)(A)(ii), *or* a drug-trafficking offense for which the sentence imposed exceeded 13 months, *id.* § 2L1.2(b)(1)(A)(i), *or* one of five other types of offenses, *id.* § 2L1.2(b)(1)(A)(iii), (iv), (v), (vi), (vii). Beltran-Figueroa's 2003 conviction for cocaine distribution (for which he was sentenced to 63 months' imprisonment) falls under the drug-trafficking clause, *id.* § 2L1.2(b)(1)(A)(i), so it would be frivolous to argue that the court erred in applying the 16-level adjustment.

Beltran-Figueroa also proposes to argue that the district court erred in rejecting several arguments that he, through defense counsel, raised in support of a below-guidelines sentence. First, he argues that the 16-level upward adjustment under § 2L1.2(b)(1)(A) resulted in double counting his 2003 conviction for cocaine distribution to increase both his offense level and his criminal-history category, resulting in an unreasonably high guidelines imprisonment range. But this argument would be frivolous because the sentencing transcript shows that the court acknowledged Beltran-Figueroa's double-counting argument and reasonably rejected it because of the seriousness of his criminal history. *See United States v. Moreno-Padilla*, 602 F.3d 802, 813–14 (7th Cir. 2010).

Beltran-Figueroa also proposes to argue that the district court failed to consider his objection that the absence of a fast-track program for illegal-reentry cases in the Northern District of Illinois resulted in unfairly disparate sentences between him and similarly situated defendants convicted in districts having such a program. While a sentencing court may consider fast-track disparities when analyzing the factors under § 3553(a), it need not treat such disparities as a mitigating factor. *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1062 (7th Cir. 2011); *United States v. Reyes-Hernandez*, 624 F.3d 405, 421 (7th Cir. 2010). In Beltran-Figueroa's case, the court stated that it would consider fast-track availability in other districts as a factor under § 3553, but justifiably explained that it would not impose a lower sentence on that basis because of Beltran-Figueroa's previous crimes in the United States. *See Guajardo-Martinez*, 635 F.3d at 1062.

Finally, Beltran-Figueroa proposes to argue that he received ineffective assistance of counsel during the sentencing proceedings. But complaints about a lawyer's performance in the district court are better saved for collateral review, where it is possible to make a record of the reasons underlying counsel's choices and tactics. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS the appeal.