NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012[*]
Decided March 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1001

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 133-1 |
| FELIPE JESUS BARRERA-CHAVEZ, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

Felipe Jesus Barrera-Chavez, a Mexican citizen, pleaded guilty to reentering the United States unlawfully after having been deported, *see* 8 U.S.C. § 1326(a). The district court sentenced him to 62 months' imprisonment, the middle of his guidelines range. Barrera-Chavez filed a notice of appeal, but his appointed lawyer believes the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Barrera-Chavez has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

review to the potential issues counsel identified in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Barrera-Chavez does not wish to challenge his guilty plea, and thus the lawyer appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Barrera-Chavez might challenge his sentence but properly concludes that any such challenge would be frivolous. The court adopted the probation officer's properly calculated guidelines range of 57 to 71 months, and counsel has not identified any reason to disturb the presumption of reasonableness applicable to Barrera-Chavez's within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting that Barrera-Chavez had already been removed three times and would be "sorely tempted to recidivate," and that this time he was caught after being pulled over for driving under the influence (he was later convicted). The court reasonably found that these considerations outweighed Barrera-Chavez's argument in mitigation that he would have been given an opportunity to receive a lighter sentence in a jurisdiction with a "fast-track" program, *see United States v. Lua-Guizar*, 656 F.3d 563, 568–69 (7th Cir. 2011); *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1063 (7th Cir. 2011). The court also reasonably declined to give a lower sentence based on the Sentencing Commission's supposed failure to use empirical data in creating a 16-level enhancement for defendants who were previously removed for a drug-trafficking offense, *see* U.S.S.G. § 2L.1.2(b)(1)(A)(ii); *United States v. Aguilar-Huerta*, 576 F.3d 365, 367–68 (7th Cir. 2009).

We GRANT counsel's motion to withdraw and DISMISS the appeal.