UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan XOLETL–HERNANDEZ,
Defendant–Appellant.

No. 11–3916.

United States Court of Appeals,
Seventh Circuit.

Submitted May 2, 2012.

Decided May 4, 2012.

Peter M. Jarosz, Attorney, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Julie K. Linnen, Attorney, Federal Defender Services, Madison, WI, for Defendant–Appellant.

Juan Xoletl–Hernandez, Youngstown, OH, pro se.

Before KENNETH F. RIPPLE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, and DIANE S. SYKES, Circuit Judge.

## ORDER

Juan Xoletl–Hernandez was serving 20 months in a Wisconsin prison on a cocaine conviction when a federal grand jury indicted him for illegal reentry by a previously removed alien, a violation of 8 U.S.C. § 1326. Xoletl–Hernandez pleaded guilty and was given a below-guidelines sentence of 30 months' imprisonment and one year of supervised release. He filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Xoletl–Hernandez has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel notes that Xoletl–Hernandez does not want his guilty plea vacated and therefore properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir.2002).

Counsel does address whether Xoletl–Hernandez could challenge the reasonableness of his sentence but properly concludes that any such challenge would be frivolous. The guidelines range was correctly calculated at 46 to 57 months, reflecting a total offense level of 17 (base offense level of 8, *see* U.S.S.G. § 2L1.2(b)(1)(B), plus 12 levels for having previously been removed after a felony drug conviction for which the sentence was less than 13 months, *see* U.S.S.G. § 2L1.2(b)(I)(B), minus three for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a)–(b)) and a criminal history category of V. Xoletl–Hernandez was sentenced to 30 months, and we presume on appeal that a below-guidelines sentence is reasonable, *see Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Klug,* 670 F.3d 797, 800 (7th Cir.2012). Here we are presented with no reason to set aside that presumption. The district judge specifically discussed the sentencing factors in 18 U.S.C. § 3553(a): he acknowledged Xoletl–Hernandez's remorse and desire to im-

prove himself through education and drug treatment, *see id.* § 3553(a)(1), and gave significant weight to the likelihood that Xoletl–Hernandez would have received concurrent state and federal sentences had the federal charges been brought sooner, *see id.* § 3553(a)(2)(A)–(B). And although the judge did not clearly state his view of Xoletl–Hernandez's argument in mitigation that the district lacked a fast-track program, he was not required to, because Xoletl–Hernandez did not establish that he would have qualified for fast-track sentencing in districts that have it. *See United States v. Guajardo–Martinez,* 635 F.3d 1056, 1062 (7th Cir.2011); *United States v. Olmeda–Garcia,* 613 F.3d 721, 724 (7th Cir.2010).

The motion is to withdraw is GRANTED, and the appeal is DISMISSED.