**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 2, 2012
Decided May 4, 2012

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3916

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-87-WMC-01 |
| JUAN XOLETL-HERNANDEZ, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Juan Xoletl-Hernandez was serving 20 months in a Wisconsin prison on a cocaine conviction when a federal grand jury indicted him for illegal reentry by a previously removed alien, a violation of 8 U.S.C. § 1326. Xoletl-Hernandez pleaded guilty and was given a below-guidelines sentence of 30 months' imprisonment and one year of supervised release. He filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Xoletl-Hernandez has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel notes that Xoletl-Hernandez does not want his guilty plea vacated and therefore properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does address whether Xoletl-Hernandez could challenge the reasonableness of his sentence but properly concludes that any such challenge would be frivolous. The guidelines range was correctly calculated at 46 to 57 months, reflecting a total offense level of 17 (base offense level of 8, *see* U.S.S.G. § 2L1.2(b)(1)(B), plus 12 levels for having previously been removed after a felony drug conviction for which the sentence was less than 13 months, *see* U.S.S.G. § 2L1.2(b)(I)(B), minus three for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a)–(b)) and a criminal history category of V. Xoletl-Hernandez was sentenced to 30 months, and we presume on appeal that a below-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012). Here we are presented with no reason to set aside that presumption. The district judge specifically discussed the sentencing factors in 18 U.S.C. § 3553(a): he acknowledged Xoletl-Hernandez's remorse and desire to improve himself through education and drug treatment, *see id.* § 3553(a)(1), and gave significant weight to the likelihood that Xoletl-Hernandez would have received concurrent state and federal sentences had the federal charges been brought sooner, *see id.* § 3553(a)(2)(A)–(B). And although the judge did not clearly state his view of Xoletl-Hernandez's argument in mitigation that the district lacked a fast-track program, he was not required to, because Xotletl-Hernandez did not establish that he would have qualified for fast-track sentencing in districts that have it. *See United States v. Guajardo-Martinez*, 635 F.3d 1056, 1062 (7th Cir. 2011); *United States v. Olmeda-Garcia*, 613 F.3d 721, 724 (7th Cir. 2010).

The motion is to withdraw is GRANTED, and the appeal is DISMISSED.