NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 23, 2013
Decided October 16, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2263

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>KENNETH CONLEY,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 11 CR 459<br><br>**Samuel Der-Yeghiayan**,<br>*Judge.* |

**O R D E R**

Kenneth Conley pled guilty to bank robbery and appeals his sentence of 240 months, which is the statutory maximum and the top of his applicable Sentencing Guidelines range.

After Conley pled guilty, he escaped from federal custody but was later captured. He argues on appeal that the district court erred in applying the Sentencing Guidelines enhancement for obstruction of justice after finding that he escaped. Conley argues that the court cannot take a defendant's conduct into account for sentencing purposes when that conduct is (a) shown by only a preponderance of the evidence and (b) the subject of a pending criminal charge to which he has pled not guilty. It is well established, though, that a district court may consider uncharged, acquitted, and convicted conduct when sentencing a defendant, and that factual issues regarding such conduct can be decided by a preponderance of the evidence. There is no reason to treat pending charges any differently. We find no error and thus affirm Conley's sentence.

Conley was indicted on one count of bank robbery, see 18 U.S.C. § 2113(a), after brandishing what appeared to be a pistol in a bank and walking off with roughly $4,000. On the morning trial was to begin, he pled guilty without a plea agreement, a so-called "blind" plea. He was held in federal custody pending sentencing.

The first presentence report included a recommended guideline calculation. Conley is a career offender under U.S.S.G. § 4B1.1, and the statutory maximum sentence for bank robbery was 20 years. That meant his offense level was 32 under § 4B1.1(b). The first report recommended a 2-level reduction for acceptance of responsibility under § 3E1.1(a). As a career offender, Conley had a criminal history category of VI. With a total offense level of 30, the guideline range would have been 168 to 210 months in prison.

While awaiting sentencing, Conley was housed in a cell on the seventeenth floor of the Metropolitan Correctional Center in downtown Chicago. Conley and his cellmate were present and accounted for at the evening headcount on December 17, 2012. The following morning, staff arriving at the MCC noticed a long rope hanging from a high window. An emergency count found that Conley and his cellmate were gone. Conley remained at large for more than two weeks. He was apprehended while hiding out in disguise in a Chicago suburb. He was charged with escape under 18 U.S.C. § 751(a) in a separate and still-pending criminal case.

A new presentence report was prepared after Conley's capture. The new report removed the reduction for acceptance of responsibility and suggested adding 2 levels for obstruction of justice on account of the escape. See § 3C1.1. The new guideline range was 210 to 240 months in prison, based on an offense level of 32 under the career offender provision, § 4B1.1(b), criminal history category VI, and a statutory maximum of 240

months.[1] At sentencing, Conley objected to the enhancement for obstruction of justice. The government called an FBI agent to testify about the details of the escape, and Conley's attorney cross-examined the agent at length. After hearing the evidence, the judge ruled that the government had met its burden of showing Conley's escape by a preponderance of the evidence and applied the obstruction adjustment. In analyzing the factors under 18 U.S.C. § 3553(a), the judge cited the escape as evincing a lack of respect for the law and a likelihood of recidivism. He sentenced Conley to the maximum 240 months.

Conley raises two arguments on appeal. He first contends that the district court infringed his rights in the pending escape case by considering the escape in deciding his sentence for bank robbery. This argument founders first on the terms of 18 U.S.C. § 3661, which states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." See generally *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011) ("A district judge has wide discretion to consider a defendant's background at sentencing."), citing § 3661.

It's true that the Due Process Clause of the Fifth Amendment requires that information used in sentencing be reliable and accurate. See *id.; United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005). Conley has no viable argument along those lines. The district court based its decision on sufficiently reliable testimony about Conley's escape. Nor does Conley's argument find support in the Sentencing Guidelines themselves, the commentary to which specifically identifies "escaping or attempting to escape from custody before trial or sentencing" as an example of conduct that would warrant an obstruction of justice adjustment. § 3C1.1 cmt. n.4(E). As the district judge correctly observed, "nothing in the guidelines precludes the application of such an enhancement" where escape forms the basis of a separate criminal charge. Tr. 61.

While we appear not to have previously addressed this exact scenario, the result is controlled by our many cases holding clear that separate criminal conduct can form the

---

[1] It is not clear whether the recommended adjustment for obstruction of justice had any effect on the guideline range, since it would not be added to the offense level of 32 under § 4B1.1(b). It is clear, though, that the escape had a significant effect on the district court's exercise of discretion under 18 U.S.C. § 3553(a), so we consider Conley's arguments on the merits.

basis for an obstruction adjustment regardless of whether it has been prosecuted or how far the prosecution has proceeded. See, *e.g.*, *United States v. Bright*, 578 F.3d 547, 552 (7th Cir. 2009) (obstruction of justice adjustment was properly applied for bank robber's *convicted* escape attempt); *United States v. McGill*, 32 F.3d 1138, 1143 (7th Cir. 1994) (same for bank robber's *uncharged* escape attempt); see also *United States v. Chandler*, 232 F. App'x 703, 705–06 (9th Cir. 2007) (same for defendant's *charged and pending* escape attempt).

Even conduct for which the defendant was charged but acquitted may be considered at sentencing if it is supported by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997). It would therefore be a strange anomaly if a judge could consider additional criminal activity in every instance except when the government had decided to bring separate charges and those charges remain pending. Conley offers no reason to draw such a line. And even if that line were drawn, the government could circumvent it by simply waiting until after sentencing to seek another indictment.

Conley's second argument is that if a sentencing judge considers charged conduct, the applicable standard of proof should be beyond a reasonable doubt. That argument runs up against a long line of contrary precedent. "Generally, facts considered at sentencing must be proved by a preponderance of the evidence." *United States v. Lucas*, 670 F.3d 784, 792 (7th Cir. 2012); see also *Watts*, 519 U.S. at 156 ("application of the preponderance standard at sentencing generally satisfies due process"). We recently reiterated that, in finding drug quantity at sentencing, "it is well-established that a preponderance of the evidence is all that is required." *United States v. Medina*, __ F.3d __, No. 12-1930, 2013 WL 4517938, at *3 (7th Cir. Aug. 27, 2013). The standard is no different here. After listening to testimony from the government's witness, including cross-examination by defense counsel, the judge reasonably found by a preponderance of the evidence that Conley's 17-day absence from the MCC was due to his escape. We see no error in the district court's consideration of this conduct or the standard by which the court made its decision.

AFFIRMED.