In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3220

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KYLE D. WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:16-cr-10036-SLD-1 — **Sara Darrow**, *Judge.*

ARGUED MARCH 27, 2018 — DECIDED APRIL 10, 2018

Before WOOD, *Chief Judge,* and BAUER and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* On June 27, 2014, Kyle Williams was charged with conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). In September 2014, Williams entered the Pretrial Alternatives Detention Initiative (PADI), a treatment-based trial diversion

program. He graduated from the program on June 11, 2015, and was referred to the United States Probation Office for pretrial diversion. However, between June and September 2015, Williams submitted multiple urine samples that tested positive for marijuana use.

After a reprimand from the court, Williams and the government agreed to a 90-day pretrial diversion plan. After completing that plan, the parties agreed to another one-year diversion beginning on February 25, 2016. In June 2016, however, Williams faltered again, and the government terminated the diversion agreement based on Williams' possession and use of cocaine.

On August 26, 2016, Williams pleaded guilty to the original charge. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Williams and the government agreed to a sentence of 90 days' imprisonment and five years of supervised release. After considering Williams' assistance to the government and his graduation from the PADI program, the district court sentenced Williams to time served and five years of supervised release.

On May 19, 2017, Williams was charged in Peoria County, Illinois, with driving under the influence of heroin, possessing heroin, and other traffic offenses. He admitted to committing those violations, and as a result, his probation officer filed a petition to revoke his supervised release. After reviewing the probation officer's violation memorandum and hearing arguments from both parties, the district court sentenced Williams to three years' imprisonment—the statutory maxi-

mum under 18 U.S.C. § 3583(e)(3)—and one year supervised release.

Williams timely appealed and raises two claims. First, he argues that the district court procedurally erred during the revocation hearing by failing to consider the range recommended by the Sentencing Guidelines policy statements. Second, he contends that the court failed to consider one of his principal arguments in mitigation. For the reasons that follow, we affirm the district court's sentence.

## A. Consideration of the Guidelines Policy Statements

Our review of a sentence imposed in a revocation hearing is highly deferential and we will only reverse a sentence that is plainly unreasonable. *United States v. Hollins*, 847 F.3d 535, 539 (7th Cir. 2017). "When revoking supervised release, a district judge must consider the Sentencing Guidelines policy statements, which are found in U.S.S.G. Chapter 7, Part B," in addition to the factors contained in 18 U.S.C. § 3553(a), "to the extent they apply to revocations." *Id.*; *see also* 18 U.S.C. § 3583(e).

Williams' contention that the district court did not adequately consider the relevant policy statements is simply without merit. The court's first statement in its explanation of the sentence was that "the policy statement provisions are, I think, not as helpful as Guidelines ranges are in original sentencings because they don't capture all the nuances and distinctions by just having three grades of violations." *See* U.S.S.G. § 7B1.4. The court then went on to reference Williams' specific conduct and explain why the policy statements' "grades" did not adequately address the seriousness of that

conduct. Finally, the court explained that the application notes in § 7B1.4 suggest that an upward variance would be appropriate in this case. *See id.* at cmt. n.4.

It is clear from those statements that the court was aware of the applicable policy statements and considered them as a starting point in determining the appropriate sentence. We have previously held that even implicit consideration of the correct policy statements is sufficient at a revocation hearing. *United States v. Boultinghouse*, 784 F.3d 1163, 1177–78 (7th Cir. 2015); *United States v. Pitre*, 504 F.3d 657, 664–65 (7th Cir. 2007). Here, the court's explicit reference to, and rejection of, the policy statements clearly shows that it adequately considered them.

## B. Consideration of Williams' Argument in Mitigation

We have long held that district courts are required to directly address a defendant's principal arguments in mitigation that have legal merit. *See United States v. Donelli*, 747 F.3d 936, 937 (7th Cir. 2014) (citing *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005)). We have never explicitly held that courts have the same strict duty at revocation proceedings, which are more informal than initial sentencing hearings. *See Boultinghouse*, 784 F.3d at 1179. We have, however, explained that a defendant is entitled to present mitigating arguments at a revocation. *Hollins*, 847 F.3d at 539 (citing Fed. R. Crim. P. 32.1(b)(2)(E)). Moreover, "[w]e have cautioned district judges not to predetermine the appropriate punishment and reminded them of their obligation to approach revocation … hearings with an open mind and consider the evidence and

arguments presented before imposing punishment." *Id.* (internal quotation marks and citation omitted).

Williams argues that the district court here failed to consider his argument that there was an error in the criminal history calculation at his original sentencing, which would have lowered the policy statements' suggested range at his revocation. After reviewing the record as a whole, we are satisfied that the court gave appropriate consideration to Williams' argument. The court provided specific reasons for the sentence it imposed and explained that the policy statements' inability to adequately address the severity of Williams' violations made them unhelpful in this case. The policy statements "have always been advisory, and so a judge is free to reject them." *Id.* By rejecting the policy statements' suggested ranges altogether, the court also rejected, and therefore sufficiently addressed, Williams' argument that a lower suggested range would have impacted the sentence ultimately imposed.

## Conclusion

For the foregoing reasons, the sentence is AFFIRMED.