NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021
Decided December 15, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2060

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:15-CR-40079-JPG-1 |
| AARON B. FLOTA, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

While Aaron Flota was on supervised release for possessing a destructive device, *see* 26 U.S.C. §§ 5861(d), 5871, a probation officer petitioned to revoke his release. He tested positive for marijuana three times, tested positive for benzodiazepine once, and had not paid his monthly court-ordered restitution. At the revocation hearing, Flota admitted to consuming drugs, but testified that he made the payments. The district court revoked his supervised release based on his admitted drug-use violations and delayed resentencing for 60 days for additional drug testing. Two urine tests conducted between the revocation and sentencing hearings showed marijuana usage, and the court

imposed a term of 21 months' reimprisonment with no additional term of supervised release. Flota filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Flota does not have an unqualified constitutional right to counsel when appealing a revocation order. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Nevertheless, we apply the *Anders* safeguards to ensure that all potential issues receive consideration. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's brief adequately addresses the potential issues that an appeal of this kind might involve, and Flota did not respond to counsel's motion, *see* CIR. R. 51(b), we limit our review to the potential issues she identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In assessing the potential issues for appeal, counsel considers whether the revocation is subject to a nonfrivolous challenge on appeal, but she does not first tell us, as she should, if she consulted with Flota about whether he wishes to contest his revocation. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Regardless, we agree with counsel that any challenge would be frivolous. The court held a hearing and gave Flota a chance to defend against the allegations, as required by Federal Rule of Criminal Procedure 32.1. Also, as counsel notes, Flota received written notice of the charges against him, appointed counsel, and an opportunity to allocute. FED. R. CRIM. P. 32.1(b)(2). Finally, Flota admitted to five violations of his release conditions, and his admissions made revocation mandatory under 18 U.S.C. § 3583(g)(1). *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Regarding his sentence, counsel next considers whether Flota could reasonably challenge his reimprisonment term as procedurally unsound and rightly concludes that he could not. Based on Flota's category VI criminal history from his original sentencing, and the Grade B violations for drug possession, *see* U.S.S.G § 7B1.1(a)(2), Flota's policy-statement range was 21 to 27 months, *see id.* § 7B1.4, capped by a 24-month statutory maximum (because the underlying conviction was for a class C felony, *see* 18 U.S.C. § 3583(e)(3)). The government informed the district court of this range at the sentencing hearing, and the court accepted it as correct when imposing the 21-month sentence. *See United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004). Further, the district court adequately considered at sentencing the aggravating and mitigating factors. These include Flota's addiction to marijuana, his failed attempts at treatment, and his wife's pregnancy. *See United States v. Williams*, 887 F.3d 326, 328 (7th Cir. 2018). True, the district court did not explicitly recite all the § 3553(a) sentencing factors that it was required to consider under 18 U.S.C. § 3583(e). But we may infer that it considered those factors based on its finding that Flota's repeated drug usage, despite available treatment

options and his past, unmet promises that he would reform, warranted reimprisonment at the low end of the guidelines range. *See United States v. Dawson*, 980 F.3d 1156, 1164 (7th Cir. 2020).

Counsel next asks whether Flota could challenge the substantive reasonableness of the 21-month term of reimprisonment. We would ask only whether the sentence is "plainly unreasonable." *Jones*, 774 F.3d at 403 (citation omitted). A within-guidelines sentence is presumed reasonable on appeal, and nothing in this record rebuts that presumption. *See United States v. Jarigese*, 999 F.3d 464, 471 (7th Cir. 2021).

Finally, counsel correctly concludes that any argument based on ineffective assistance of counsel is best raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.