**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022
Decided February 17, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-1595

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the<br>United States District Court for the<br>Western District of Wisconsin. |
| *v.* | No. 06-cr-105-bbc-2 |
| TYREESE R. TAYLOR,<br>*Defendant-Appellant*. | Barbara B. Crabb,<br>*Judge*. |

**O R D E R**

Tyreese Taylor was on supervised release for cocaine trafficking when Rock County, Wisconsin police found him in possession of controlled substances. Because Taylor had violated conditions of his release, the district court revoked his release and sentenced him to two years in prison. He appeals, but his appointed counsel concludes that the appeal is frivolous and moves to withdraw by submitting a brief satisfying *Anders v. California*, 386 U.S. 738 (1967). Taylor does not have an unqualified right to counsel in appealing the revocation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973);

*United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Nevertheless, we apply the *Anders* safeguards to ensure that all potential issues receive consideration. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel submitted an *Anders* brief that addresses the issues we expect to see in an appeal of this kind. And although we invited Taylor to respond, *see* 7TH CIR. R. 51(b), he has not. Because counsel's brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In 2006 Taylor was sentenced to 20 years in prison followed by 10 years of supervised release for his role in distributing crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 851. About 10 years later, then-President Obama commuted his prison term (and those of like defendants) to time served (effective in early 2019), but the supervised-release term was unchanged. After Taylor's release and during a traffic stop in July of 2020, Rock County police found him in possession of marijuana and other drugs and drug paraphernalia, a violation of a condition of release. At his revocation hearing, Taylor stipulated to violating this condition of release and to another that required him to submit to and pass drug tests. The judge ruled, and Taylor's lawyer agreed, that Taylor's most serious conduct was the Grade B violation for the drug possession, which requires revocation. *See* 18 U.S.C. § 3583(g); U.S.S.G. § 7B1.1(a)(2). The judge also determined that based on Taylor's violations and criminal-history category VI, the advisory Sentencing Guidelines range was 21 to 27 months in prison. After hearing from the parties, the judge imposed a 24-month prison term followed by 3 years of supervised release.

Counsel informs us that Taylor does not wish to challenge the revocation itself, which as we said is mandatory. *See* § 3583(g)(1). Thus, he appropriately discusses only potential challenges to Taylor's new sentence. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Taylor could reasonably challenge the two-year prison term as procedurally unsound and rightly decides that he could not. The judge correctly determined that the Guidelines range was 21 to 27 months given Taylor's criminal-history category VI and Grade B violation. *See* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a). And the judge adequately considered Taylor's arguments in mitigation about self-improvement and family support. In selecting a mid-range prison term of two years, the judge highlighted Taylor's repeated violations of his conditions of release—he missed six drug tests, tested positive for drugs four times, and was found in possession of drugs. The judge's emphasis on this repeated disobedience of the court's orders allows

us to infer that the judge implicitly considered and rejected Taylor's argument that his efforts at self-reform and his family-support obligations justified a shorter 18-month term. *See United States v. Williams*, 887 F.3d 326, 328 (7th Cir. 2018).

Counsel also concludes, and we agree, that Taylor could not plausibly challenge the substantive reasonableness of the prison term. We would ask whether his within-Guidelines term, which is presumed reasonable, *see United States v. Jarigese*, 999 F.3d 464, 471 (7th Cir. 2021), is nonetheless plainly unreasonable, *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). Given Taylor's multiple violations and criminal history, counsel points to—and we see—nothing in the record to overcome that presumption.

Finally, Taylor's counsel rightly rejects any potential challenge to Taylor's additional three-year term of supervision. Despite his opportunity to do so, Taylor did not object to the proposed term or any conditions of release, and we see no realistic grounds for objection now. He also explicitly asked that the conditions not be read aloud in open court, thereby waiving an appellate challenge about the lack of recitation. *See United States v. Flores*, 929 F.3d 443, 450 (7th Cir. 2019).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.